IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Monica Gonzales,

    Plaintiff,

vs.

Civil Action No.: _____

Kohn Law Firm, S.C.,

    Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Wisconsin Consumer Act, Chapter 427, Wis. Stats., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant illegally garnished plaintiff's paycheck for her brother's debt, which she did not owe and for which defendant did not have a judgment against plaintiff. Defendant also used its illegal collection activities to obtain information about plaintiff relating to other accounts and made material misrepresentations to her about these collection activities. To this date, defendant has never withdrawn the garnishment or taken other action to correct the false and defamatory information it filed in a public record stating that Monica Gonzales is a debtor on the account at issue.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. Supplementary jurisdiction is proper under 28 U.S.C. § 1367.

## III. PARTIES

3. Plaintiff Monica Gonzales is a natural person and citizen of the State of Wisconsin residing at 9321 S. Orchard Park Circle, Apt 1A, Oak Creek, WI 53154.

4. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

5. At all relevant times defendant Kohn Law Firm, S.C., ("Kohn") was a Wisconsin service corporation doing business in Wisconsin. It's principal place of business is located at 735 N. Water St., #1300, Milwaukee, WI 53202.

6. At all relevant times, Kohn was an entity engaged in the business of collecting debts alleged to be owed to third parties.

7. Defendant is a debt collector pursuant to 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant is the collection of debts, including using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due to merchants or other third parties.

## IV. FACTUAL ALLEGATIONS

9. In or about December 2010 Kohn's client, Capital One Bank USA NA, ("CapOne") obtained a judgment against Manuel Gonzales in Milwaukee County Case

No. 10-CV-18033.

10. The judgment relating to the CapOne account at issue was a Capital One consumer credit card debt allegedly incurred for personal, family, or household purposes.

11. On or about February 23, 2012, Kohn filed an "Earnings Garnishment Notice" with the Milwaukee County Circuit Court, alleging that Monica Gonzales was Manual Gonzales's spouse.

12. Monica Gonzales was neither the defendant nor the judgment debtor in the underlying action, Milwaukee County Case No. 10-CV-018033.

13. The only defendant and judgment debtor in the underlying Milwaukee County lawsuit was Manuel Gonzales, Monica Gonzales's brother.

14. Kohn filed the earnings garnishment to garnish Monica Gonzales's wages purportedly on the basis of a Marital Property Interest between Monica Gonzales and Manuel Gonzales.

15. Monica Gonzales and Manuel Gonzales are not now and were not at any time married to each other.

16. Monica Gonzales and Manuel Gonzales are siblings.

17. Monica Gonzales was not an account holder on the CapOne account, and CapOne has never had a legal basis to garnish Monica Gonzales's wages.

18. Kohn knew or should have known that it had no legal basis to file a garnishment against Monica Gonzales for her brother, Manuel Gonzales's judgment.

3

19. Kohn knew that CapOne had no judgment against Monica Gonzales at the time it filed a garnishment against Monica Gonzales.

20. Kohn failed to properly investigate whether it had a legal or factual basis to file a garnishment against plaintiff before doing so.

21. Kohn failed to serve Monica Gonzales with the garnishment paperwork in the Milwaukee County case at any time.

22. The first notice Monica Gonzales had of the garnishment was when her paycheck was garnished on Friday, March 2, 2012.

23. Monica Gonzales called defendant Kohn Law Firm and repeatedly told Kohn, beginning when she reached Kohn's employee on Monday, March 5, 2012, that she and Manuel Gonzales are brother and sister, not husband and wife.

24. Kohn told Ms. Gonzales that it would not dismiss the garnishment against her unless and until she proved that she was not Manuel Gonzales's spouse, and Kohn told her that it was her burden to do so.

25. Kohn's representation to Ms. Gonzales that she had the burden of proving that the Kohn had no right to garnish her was a material misrepresentation.

26. Even after Ms. Gonzales advised Kohn on March 5, 2012 that she was not the judgment debtor or the judgment debtor's wife, Kohn continued to engage in collection activities against plaintiff.

27. Kohn did not immediately stop the garnishment and refund Ms. Gonzales's

money once it was advised by Ms. Gonzales on March 5, 2012 that the judgment debtor was her brother and not her husband, but instead, Kohn sent Ms. Gonzales a letter on March 8, 2012 in an attempt to collect the debt at issue.

28. In her telephone conversations with Kohn, the debt collectors repeatedly asked Ms. Gonzales questions such as how long she had been married to Manuel, when she divorced Manuel and similar questions, despite Ms. Gonzales repeatedly telling the collectors that Manuel was her brother and was never her spouse.

29. Manuel Gonzales also advised Kohn in a telephone call in early March that Monica Gonzales was his sister, not his wife, and that the CapOne judgment had nothing to do with Monica Gonzales.

30. Kohn failed and refused to dismiss the garnishment even upon hearing from both Monica and Manuel Gonzales that they were siblings, not spouses.

31. Instead of promptly dismissing the garnishment and immediately refunding Monica Gonzales's money, Kohn misrepresented to Monica Gonzales that the garnishment could not be dismissed unless she supplied her income tax returns to the Kohn Law Firm.

32. Because Kohn refused to stop the garnishment unless plaintiff sent Kohn her income tax returns, Monica Gonzales had her tax preparer fax her tax returns to Kohn as Kohn had demanded as a condition of stopping and reversing the garnishment.

33. Kohn's representation to Ms. Gonzales that she was obligated to send her

5

income tax returns to Kohn in order to stop the illegal garnishment and get her money refunded was a material misrepresentation.

34. Kohn failed to immediately dismiss the wage garnishment as represented even after receiving Ms. Gonzales's tax returns from plaintiff's tax preparer.

35. Ms. Gonzales again tried to convince Kohn to stop the wage garnishment and refund her money, but Kohn refused to do so, saying that Kohn needed **all** of her income tax returns (both state and federal) before it would stop the garnishment.

36. Kohn's representation to Ms. Gonzales that she was obligated to send both her federal and her state income tax returns to Kohn in order to stop the illegal garnishment and get her money refunded was a material misrepresentation.

37. After Ms. Gonzales provided both state and federal tax returns to Kohn at its insistence, Ms. Gonzales again requested that Kohn stop the illegal wage garnishment and refund her money. Kohn failed and refused to immediately do so.

38. Monica Gonzales again advised Kohn on March 12 in a debt collection communication with Kohn that she was Manuel Gonzales's sister, not his wife and that there was no basis for the earnings garnishment Kohn filed against plaintiff.

39. Monica Gonzales again advised Kohn on March 13 in a debt collection communication with Kohn that she was Manuel Gonzales's sister, not his wife and that there was no basis for the earnings garnishment Kohn filed against plaintiff.

40. Monica Gonzales again advised Kohn on March 14 in a debt collection

communication with Kohn that she was Manuel Gonzales's sister, not his wife, and that there was no basis for the earnings garnishment Kohn filed against plaintiff.

41. Kohn told Ms. Gonzales in each debt collection telephone conversation pertaining to the wage garnishment that she had two other delinquent credit card accounts (not involving CapOne) that were being collected by the Kohn law firm and that Ms. Gonzales was required to first discuss those accounts with Kohn in order to talk about the CapOne garnishment problem. These representations were false.

42. Ms. Gonzales told Kohn that the other accounts involving other alleged creditors were separate and unrelated to the CapOne garnishment and that the purpose of her call only was to discuss stopping the garnishment and getting back the money that was wrongfully taken from her. Ms. Gonzales repeatedly told the Kohn collector that she did not want to talk about other alleged accounts and only wanted to discuss how to stop the wage garnishment and get her money back.

43. Kohn refused to honor plaintiff's request to limit the telephone conversations to the wrongful garnishment. Instead, in each call, Kohn continued to steer the conversation back to the other unrelated accounts and to engage in debt collection communications relating to the other accounts, despite Ms. Gonzales's protests.

44. In a debt collection communication with Ms. Gonzales in March 2012, Ms. Gonzales asked how long it would take to get her money back and stop the garnishment now that she had provided copies of tax returns, as Kohn had demanded.

7

45. Kohn told Ms. Gonzales in a March 2012 debt collection telephone call that she would have to provide copies of her birth certificate and her brother's birth certificate and that it would "probably be awhile" before she got her money back.

46. Ms. Gonzales began to cry in the telephone conversation with the Kohn debt collector in March 2012 and explained that she was struggling and working hard to pay her own bills and could not afford to pay someone else's debts and that she needed the money that had been wrongly garnished from her account to pay her bills.

47. Despite having actual knowledge that there was not a legal or factual basis to garnish Monica Gonzales's wages, Kohn continued garnishing Monica Gonzales's wages, taking a second garnishment on Friday, March 16, 2012.

48. On March 23, 2012, plaintiff received from Kohn a refund of only one of the two garnishment amounts that had been taken from her paycheck.

49. Although plaintiff eventually received a refund of the second garnishment amount taken from her (in May 2012), she did not get those funds back until approximately two months after the money was illegally garnished from her paycheck.

50. In the interim, Ms. Gonzales was forced to borrow money to pay bills as a result of Kohn's wrongful garnishment.

51. Kohn used information that it obtained during the illegal garnishment from Ms. Gonzales to attempt to collect other unrelated alleged accounts.

52. The collection of the judgment against Manuel Gonzales from Monica

8

Gonzales, including without limitation, the wage garnishment, was an attempt to collect an alleged debt arising from a consumer credit transaction.

53. To date, Kohn has taken no steps to correct the record of the Circuit Court of Milwaukee County that it caused Monica Gonzales to be listed as a judgment debtor.

54. Monica Gonzales is not in fact a debtor to CapOne in Milwaukee County Circuit Court Case No. 10-CV-18033, and Kohn's representation to the court, to the public, and to Ms. Gonzales's employer that she owes the judgment is and at all times was false and defamatory. This is a continuing misrepresentation.

55. Kohn misrepresented to plaintiff and to a third party the status of the debt and that plaintiff owed money on the account.

56. Defendant's debt collection activities, in whole or in part, were undertaken with an intent to harass plaintiff, and these activities did harass plaintiff.

57. Defendant's debt collection activities, in whole or in part, were undertaken with malice and/or in an intentional disregard of the rights of plaintiff.

58. Plaintiff has suffered damages as a result of defendant's debt collection conduct, including without limitation, embarrassment, reputational damages, fear, mental anguish and emotional distress.

## V. FIRST CLAIM FOR RELIEF
## FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

9

60. Kohn failed within five days of its initial communication with Monica Gonzales (or at any time) to send plaintiff the validation notice required under 15 U.S.C. § 1692g.

61. Defendant's collection communications have violated at least the following provisions of the FDCPA: §§ 1692c(b); 1692d; 1692e; 1692e(2)(a); 1692e(4); 1692e(5); 1692e(8); 1692e(9); 1692e(10); 1692f; 1692f(1); and 1692g.

62. Upon information and belief, defendants' collection activities have resulted in additional violations of the FDCPA.

63. As a result of defendant's violations of the FDCPA, plaintiff is entitled to an award compensating her for damages, attorney's fees, and costs of this action.

## VI. SECOND CLAIM FOR RELIEF
## WISCONSIN CONSUMER ACT

64. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

65. Manuel Gonzales was a "customer" of CapOne under § 421.301(17), Wis. Stats., having sought or acquired personal property, services, money or credit for personal, family or household purposes from CapOne.

66. CapOne is a "merchant" under § 421.301(25), having regularly advertised, offered, supplied or dealt in personal property, services, money or credit which resulted in, led to or induced the consumer credit transaction at issue.

67. The underlying account was a credit card account payable in installments or

10

for which credit a finance charge could have been imposed and is thus a "consumer credit transaction" under § 421.301(10), Wis. Stats.

68. The alleged debt arose from a consumer credit transaction or other consumer transaction where there was an agreement to defer payment.

69. Kohn is a "debt collector" under § 427.103(3), Wis. Stats.

70. At no time prior to the garnishment did Kohn or CapOne put Monica Gonzales on notice that it intended to garnish her or send her the notice that would have been required under § 766.56, Wis. Stats., even assuming (as Kohn falsely represented) that plaintiff had been married to Manuel Gonzales.

71. Defendant's debt collection communications have violated the Wisconsin Consumer Act Debt Collection Chapter, § 427.104, Wis. Stats. in at least the following respect: violation of §§ 427.104(1)(e); 427.104(1)(g); 427.104(1)(h); 427.104(1)(j) and § 427.104(2).

72. Upon information and belief, defendant engaged in other violations of the Wisconsin Consumer Act with respect to plaintiff.

. 73. Plaintiff is entitled to the statutory penalty and damages under the Wisconsin Consumer Act, including emotional distress and mental anguish, as well as costs and attorney's fees.

74. Plaintiff is entitled to punitive damages from Kohn in an amount to be determined by the jury.

11

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant in her favor for:

A. actual damages;

B. statutory damages pursuant to 15 U.S.C. § 1692k and § 427.105, Wis. Stats.;

C. punitive damages;

D. a declaration that Kohn's debt collection activities violated the FDCPA and the Wisconsin Consumer Act;

E. costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 425.308, Wis. Stats.; and

F. for such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this cause be tried by a jury.

Dated this 19th day of February, 2013.

/s/__DeVonna Joy_____
DeVonna Joy  SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd., PMB 256
Muskego WI 53150
(UPS or Federal Express only, please)
OR

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Tele:  262- 662-3982
Fax: 262-662-0504
E-mail: djlaw@wi.rr.com