IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Monica Gonzales,
        Plaintiff,

Civil Action No.: 13-CV-168-NJ

vs.

Kohn Law Firm, S.C.,
        Defendant.

## Plaintiff's Brief in Response to Defendant's Motion to Dismiss Under *Rooker-Feldman*

About a week before the scheduled trial, defendant moved to dismiss this case under the *Rooker-Feldman* doctrine, arguing that this Court does not have subject matter jurisdiction.   At the January 14, 2015 hearing, the Court heard preliminary arguments on defendant's motion to dismiss.  The Court then adjourned the trial in order for the parties to fully brief the motion to dismiss, because plaintiff had one day to respond to defendant's dispositive motion before that hearing.  This brief is supplemental to the response filed by plaintiff on January 13, 2015.

As discussed in plaintiff's January 13 responsive brief and this supplemental brief, *Rooker-Feldman* does not apply here and the cases cited by Kohn are factually and legally distinguishable.  The state court never had jurisdiction over Monica Gonzales and was not a loser in state court seeking review and reversal of a state court judgment against her. This Court should deny defendant's motion and reschedule the trial.

# I.    The *Rooker-Feldman* Doctrine Does Not Apply In This Case.

## A.    None of the Requirements of the Rooker-Feldman Doctrine Exist In This Case.

The *Rooker-Feldman* doctrine derives from the principle, embodied in 28 U.S.C. § 1257, that the lower federal courts lack subject matter jurisdiction over claims that are effectively appeals from state court judgments.  The doctrine is now construed very narrowly, as was clarified by the United States Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005).  It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id*. At 281.

As one appellate court has opined, the *Rooker-Feldman* doctrine has four requirements.

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—*i.e., Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

This case does not meet these requirements.  First, Ms. Gonzales  is not and never was a "state court loser."  As discussed below, she was not even a party in the underlying state court action and was not served with process.

2

Second, Monica Gonzales does not complain of injuries caused by a state court judgment. "The causation requirement is only satisfied if 'the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Sykes v. Mel S. Harris & Assoc., LLC*, 2015 WL 525904 (2d Cir. 2015)(*citing Hoblock*, 422 F.3d at 88). The Milwaukee County Circuit Court did not enter a judgment against Monica Gonzales, nor did the judgment that Capital One took against Manuel Gonzales cause her injuries. Ms. Gonzales's damages complained of in the case at bar were caused by Kohn Law Firm, not the state court. She has not even complained that her damages were caused by Capital One. The causation requirement required under *Rooker-Feldman* is not met simply because Monica Gonzales (who was not a judgment debtor in the state court action) had her wages garnished.

Third, for the *Rooker-Feldman* doctrine to apply, the federal plaintiff must be inviting federal district court review and rejection of the state court judgment. Ms. Gonzales never did and does not in this lawsuit seek to disturb the state court judgment against her brother, Manuel Gonzales, taken by Capital One. She does not seek to appeal or re-examine the decision of a state tribunal, nor does she seek to reverse Capital One's judgment against her brother. Here, the judgment against Manuel Gonzales remains legally enforceable against him regardless of the outcome of this federal case against Kohn Law Firm.

3

All of the four requirements above must be met for *Rooker-Feldman* to apply. None of the first three requirements are present. Moreover, earlier this year, Kohn Law Firm filed an *ex parte* petition in the state court action entitled "Petition, Affidavit, and Order Concerning Removal of Defendant's Name from Online Records Because of Identity Theft or Mistaken Identity." In this petition and affidavit, Kohn's corporate designee, Attorney Matthew Richburg, moved the court to remove Monica Gonzales' name as a party in the online records of the state court. (Joy 3-9-15 Aff. ¶ 2 & Exh. A). Apparently, that motion was granted (also ex parte), because Monica Gonzales' name is no longer listed on CCAP (the on-line circuit court records) in the state court case. (Id. ¶ 3 & Exh. B). Monica Gonzales does not even appear as a party any longer in the state court case (which is appropriate, because she never *was* a party). Notably, Kohn also filed a motion in September 2014 to have Monica Gonzales removed as a party in the state court case. That motion was granted.

Thus, Kohn does not even meet the fourth requirement that a state court action be finalized before the federal lawsuit was filed. Under *Hoblock*, the fourth requirement of *Rooker-Feldman* is not met. *Accord, Dickie v. City of Tomah*, 999 F.2d 252, 254 (7th Cir. 1993).

Given that Kohn has filed a motion in state court to remove Ms. Gonzales from the record, she cannot be considered to be a "loser in state court." Nor can it be said that she is inviting examination and reversal of the *onl*y state court decision in *Capital One v.*

4

*Manuel Gonzales* that actually pertained to her (i.e., removing her as a party, because she was mistakenly designated as one). To the contrary, Ms. Gonzales wholly agrees with the September 2014 and January 2015 decisions.

. It is difficult to imagine how Kohn credibly can argue that Monica Gonzales had to be removed from the state court case "Because of Identity Theft or Mistaken Identity" *and* simultaneously is precluded from maintaining the case at bar on the basis that this very state court case is her sole forum to remedy the debt collection violations. That position is absurd. The Court must deny Kohn's motion to dismiss this case.

**B.      None of the Parties Are the Same in the State and Federal Lawsuits.**

The state court action for which Capital One garnished Monica Gonzales' wages was Milwaukee County Case No. 10-CV-18033, styled *Capital One Bank, USA, NA v. Manuel Gonzales*. Notably, neither Kohn Law Firm nor Monica Gonzales were parties to that state court action. Similarly, neither Capital One nor Manuel Gonzales are parties to the federal lawsuit.

Monica Gonzales is not and never was a state court judgment debtor; only Manuel Gonzales, her brother, was the judgment debtor. Kohn Law Firm was not a judgment creditor in the state court action, nor was it a "winner" in the underlying case. Indeed, it was not even a party. Only Capital One was the state court judgment creditor, and Monica Gonzales has not sued Capital One in this case.

Monica Gonzales was not a Capital One account-holder on the account at issue,

nor was she alleged to be one in the state court lawsuit. Ms. Gonzales was never served with process in the underlying collection case, nor was a judgment taken against her at any time. Thus, she was never the alleged debtor or judgment debtor.

As discussed below, the facts in this case are distinguishable from every case cited by Kohn that applied *Rooker-Feldman* to bar the federal claims. Not a single case involves a stranger to the debt and to the underlying litigation who had neither been served nor had a judgment taken against them. Not a single case involves garnishing an alleged spouse who was not in fact married to the judgment debtor. In every case argued by Kohn, the federal plaintiffs were parties (who had been served with process) to the underlying state court actions. Those federal plaintiffs had litigated in state court and lost – whether in the underlying case, the garnishment case or both -- then brought claims in federal court instead of appealing their losses or seeking reconsideration from the state court. That is not what happened in the case at bar.

## C.     Monica Gonzales Was Not A "Debtor" Under the Wisconsin Garnishment Chapter, And She Was Not Required to Take Any Specific Action to Stop the Garnishment.

Monica Gonzales not only was a stranger to the underlying *Capital One v. Manuel Gonzales* lawsuit, she was not even served with the garnishment notice or any paperwork from the garnishment. The state court never had jurisdiction over her, nor was she a party to the underlying action or the garnishment proceeding. She was not a "party" simply because Kohn put her name on the garnishment notice.

6

Under the Wisconsin Marital Property Act, Capital One, as a judgment creditor against Manuel Gonzales, was entitled to garnish the wages of Manuel Gonzales's spouse if the debt was incurred during the marriage and was for personal, family or household purposes. But Monica Gonzales is Manuel's sister, not his spouse. Under no provision of the garnishment chapter, Wis. Stats. Ch. 812, could Capital One legally garnish Monica Gonzales' wages. Under no provision of law was she obligated to pay her brother's debt.

Section 812.37(1), Wis. Stats., provides that the "debtor" or "debtor's spouse" may file an answer at any time before or during the effective period of the garnishment. Significantly, Monica Gonzales was not a "debtor" under the garnishment statute. The garnishment chapter defines "debtor" as "the person whose earnings are subject to the garnishment **and** who is either the judgment debtor or the judgment debtor's spouse whose earnings are marital property." § 812.30(4), Wis. Stats. Monica Gonzales was neither of those. Nor was she obligated, as argued by Kohn, to file or serve a formal garnishment answer or to take any specific action to preserve her claims against Kohn.

There is no dispute that Monica Gonzales notified Kohn by telephone on the first day her wages were garnished that it was garnishing the wrong person. Kohn's 11th hour *Rooker-Feldman* argument is that Monica Gonzales, who was neither a party in the underlying action, nor the "debtor" or "debtor's spouse," was required to get an order formally dismissing the garnishment action rather than simply asking Kohn to stop the

7

illegal garnishment it had put into play. Kohn also argues that obtaining such a formal order in state court was a prerequisite for her to sue Kohn Law Firm (also a non-party in the state court action) in order to be compensated for Kohn's illegal collection actions against her. The *Rooker-Feldman* doctrine is not interpreted so expansively, especially in the Seventh Circuit.

As Judge Posner explained:

[If a litigant w]ere ...merely claiming that the decision of the state court was incorrect, even that it denied him some constitutional right, the doctrine would indeed bar his claim. But if he claims, as he does, that people involved in the decision violated some independent right of his, such as the right (if it is a right) to be judged by a tribunal that is uncontaminated by politics, then he can, without being blocked by the *Rooker–Feldman* doctrine, sue to vindicate that right and show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm. Otherwise there would be no federal remedy for a violation of federal rights whenever the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment....

*Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995).

Here, Monica Gonzales does not claim that a state court decision was incorrect or that the state court did anything wrong to her. Ms. Gonzales did not attempt to get an order and lose that attempt; she never sought or litigated for a state court order. The only decision by the state court, *i.e.*, granting a default judgment against her brother, is not being challenged. There was no actual determination made at all by the state court (or even the clerk of court) in the garnishment action. The fact that Kohn Law Firm filed a garnishment notice with false information and *itself* failed to dismiss the garnishment action once it undisputedly knew that it had garnished a non-debtor non-spouse was a

8

violation of Ms. Gonzales' independent rights, including the right to be served with process. Kohn's alleged "mistake" or "wrong assumption" became a fraud on the Court when Kohn failed and refused to correct it, and Kohn is now coming to this Court trying to bar Ms. Gonzales from obtaining redress. Kohn's acts and omissions are actionable under the Fair Debt Collection Practices Act, as well as other laws. If they were not, as Judge Posner opined, there would never be a federal remedy for a violation of federal rights where the violator (here, Kohn) corrupted the state judicial process by filing false documents and failing to properly notify the individual being garnished. *Rooker-Feldman* does not preclude her claims in federal court.

### D. Monica Gonzales Was Not Served With Process In the Underlying Action or Even With the Notice of Garnishment, So the State Court Never Acquired Jurisdiction Over Her.

Not only was Monica Gonzales neither a judgment debtor nor a spouse of a judgment debtor, she was never served with process – either in the underlying action or with the notice of garnishment. Ms. Gonzales has always disputed that she even knew she was about to be garnished prior to her wages actually being garnished. She has always disputed that she ever received garnishment paperwork from Kohn. She disputes even seeing any garnishment paperwork until after she was garnished. She has testified about this in her deposition and in her January 13, 2015 affidavit. Kohn has not and cannot controvert these facts; Kohn has admitted that it cannot confirm whether it actually served Ms. Gonzales with the notice of garnishment at any time.

9

Wisconsin garnishment law provides that an earnings garnishment proceeding is commenced by the judgment creditor filing with the clerk of courts a garnishment notice under § 812.44(2), Wis. Stats. See § 812.35(1), Wis. Stats. Section 812.35(3)(a), Wis. Stats. provides:

> (3)(a) Within 60 days after filing the notice under sub. (1) and as specified under sub.. 4©, the creditor shall serve one of the 2 earnings garnishment forms upon the debtor by one of the following means:
>
> 1. First class mail.
> 2. Certified mail, return receipt requested.
> 3. Any means permissible for the service of a summons in a civil action, other than publication.

As discussed in plaintiff's initial responsive brief, Kohn admits that it did not serve Ms. Gonzales with the notice of garnishment via certified mail. It did not serve "by any means permissible for service of a summons in a civil action." It does not even have an affidavit of service by first class mail. Kohn admitted it does not know if it actually served Ms. Gonzales with the notice of garnishment, but if it did, its procedure "would have been" to serve her with the garnishment paperwork by "regular mail." (Joy 1-12-15 Aff. ¶ 4 & Exh. B, Richburg Depo. 16:22-25; 17:1-22). Kohn has no evidence that it ever served Ms. Gonzales with the notice of garnishment, even though two of the three acceptable means of service would by their nature prove service (i.e., certified mail or a process server). Kohn admitted that its policies and procedures are not always followed at the Kohn Law Firm. (Id. 16:12-22)

This is important, because the state court did not have jurisdiction over Monica

10

Gonzales in the garnishment proceeding. Kohn cannot make Monica Gonzales a "party" or a "debtor" simply by putting her name on the garnishment notice and falsely identifying her as Manuel's spouse . Garnishment statutes are not liberally construed, nor can a garnishment notice be tailored to sustain an otherwise invalid garnishment proceeding. *Gerovac v. Hribar Trucking, Inc.*, 43 Wis.2d 328, 334, 168 N.W.2d 863, 866 (1969).

Because there was never a judgment against her and she was not married to Manuel Gonzales, Kohn's botched attempt to name her in the garnishment proceeding was invalid. Ms. Gonzales was not and is not obligated to intervene in a lawsuit in which she was not a plaintiff nor a defendant simply because Kohn made an invalid attempt to involve her. This principle was recognized by the Wisconsin Supreme Court in *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W.2d 786 (1999).

In *Kett*, a consumer credit lender filed replevin lawsuits against consumers in the wrong venue and obtained default judgments. Before the judgments were vacated, the creditor repossessed the vehicles. Even though there were replevin judgments in place at the time of repossession, the Wisconsin Supreme Court affirmed the court of appeals holding that the creditor had violated the Wisconsin Consumer Act and committed debt collection violations. The supreme court held that because of the venue defect, the judgments were invalid from the time of entry. The consumers did not need to *do* anything for the judgments to be invalid and to state a claim against the creditor.

11

Chief Justice Shirley Abrahamson wrote the majority opinion, stating:

We agree with the court of appeals and affirm the decision of the court of appeals. The language, the legislative history, and the interplay of the statutes, as well as the legislative policies expressed in the Wisconsin Consumer Act, support our conclusion that the default replevin judgments on which Community Credit relied for possession of the collateral by nonjudicial recovery were invalid at the time of entry for purposes of Wis. Stat. § 425.206(1)(b) because Community Credit had not commenced the replevin actions in a county of proper venue. Accordingly, we conclude that Community Credit engaged in wrongful repossession in violation of Wis. Stat. § 425.206 and engaged in prohibited practices in violation of Wis. Stat. § 427.104(1)(h) & (j).

> FN5. We agree with the court of appeals' response to the argument that the customers waived their claims by not appearing in the Milwaukee County Circuit Court, which is as follows: A court cannot gain subject matter jurisdiction through waiver.... When judgments are void due to lack of jurisdiction, they can be attacked collaterally at any time.... Here, the Milwaukee court lacked jurisdiction over the actions. This jurisdictional defect cannot be waived. ...*Kett,* 222 Wis.2d at 131–32, 586 N.W.2d 68 (citations omitted [in original]).

*Kett,* 228 Wis. 2d at 7 ¶ 11, 596 N.W.2d 790.

The same principle applies here. Because Kohn cannot prove that it ever served Monica Gonzales at any time and because Ms. Gonzales denies ever receiving service from Kohn by any means, including by mail, the circuit court never acquired jurisdiction over her. As such, she is entitled to seek redress for the debt collection violations in federal court. There was no state court judgment or decision pertaining to her that needs to be examined or reversed. Any supposed "order" that might otherwise have been created simply by Kohn filing a garnishment notice is invalid if it was not served. Because it is invalid, plaintiff did not need to do anything in the state court. *Rooker-*

12

*Feldman* simply does not apply in this case.

## II.     The Cases Cited By Kohn Are All Factually And/Or Legally Distinguishable From the Case At Bar, And *Rooker-Feldman* Does Not Apply in This Case.

### A.     *Jung v. Cottonwood Financial* is Distinguishable.

Kohn suggests that *Jung v. Cottonwood Fin. Wis. LLC*, 2014 WL 4796756 (W.D.

Wis., Sept. 26, 2014) requires dismissal of the case at bar under *Rooker-Feldman*.

Although Jung involved also involved a garnishment, this district court case (which is not

binding on this court) is factually and procedurally distinguishable.  Kelli Jung was a

defendant in the underlying state court action.  She was the account-holder and admittedly

took out a loan from Cottonwood Financial and failed to repay it.  When she appeared in

state court at the return hearing, she did not contest the amount due.  Kohn Law Firm

filed a notice of earnings garnishment which it served upon Ms. Jung and her employer.

After her wages were garnished for 13 weeks, Ms. Jung voluntarily signed an extension

for another garnishment.  She never contested Cottonwood's judgment or right to

garnishment, and the judgment was fully satisfied through the second wage garnishment

by July 2013.

After the garnishment was completed, Jung went to the small claims court in

November 2013 and moved to re-open the case to file a "supplemental complaint" under

the Wisconsin Consumer Act for plaintiff to get back the garnished wages, claiming that

pursuing an extra-territorial garnishment through Jung's Minnesota employer violated the

13

WCA.  After a full briefing and hearing, the court commissioner denied Jung's motion on

the basis that there was no transaction or occurrences warranting pleadings in Jung's case.

Jung did not appeal that decision to the circuit court or to the court of appeals.  When

Jung thereafter filed a federal lawsuit, the district court dismissed the case under *Rooker-*

*Feldman*.

        Kohn argues that the garnishment notice is itself an "order" of the state court and

that the district court so held in *Jung*.  However, the context and distinction between these

cases are critical.  Judge Peterson wrote:

> Here, Jung's "actual injury" is the state court's approval of defendants' request to
> garnish her wages, without which there would not have been any allegedly
> unlawful collection practices. In fact, part of the relief she seeks is an order
> requiring defendants to return the money that they collected from her through
> garnishment. *See* Dkt. 21, at 11. It is therefore immaterial to the Rooker – Feldman
> analysis that Jung does not specifically ask this court to reverse the underlying
> judgment against her—the "actual injury" she alleges is the result of a state court
> determination. Given that Jung's actual injury resulted from the state court-
> approved garnishment proceedings, the question becomes whether this court can
> adjudicate the case without revisiting the propriety of the state court's actions; if
> not, then Jung's claims are inextricably intertwined and must be dismissed.

*Jung*, 2014 WL 4796756 at 3-4.  The garnishment was "approved" because Kelli Jung

herself admitted owing the money in the underlying case and a judgment was taken

against her.  She never claimed to be the wrong person; her only quarrel with the

garnishment (raised months later) was whether Cottonwood followed procedures

regarding extra-territorial garnishment.

        In Jung's motion for reconsideration, which was recently denied by Judge

14

Peterson, the district court noted that Jung expressly agreed to the garnishment extension even after being garnished for the first 13 weeks.

> Not only did Jung pass up the opportunity to challenge defendants' garnishment activities in state court, she later *consented* to extending the garnishment period. Jung's concession that the "order" that she could have obtained would have fallen under the *Rooker–Feldman* doctrine only reinforces the court's conclusion that her FDCPA claim is barred. *See* Dkt. 31, at 8–10.

The fact that Jung was herself the judgment debtor and not a stranger to the debt; that admitted it at the hearing; and that she agreed to the garnishment extension were all important facts to the district court.[1]  The court went on to say

> First, judgment creditors cannot begin garnishing a debtor's wages without first filing a notice of garnishment with the clerk of court. Wis. Stat. § 812.35(1). The clerk then issues a garnishment form that bears a case caption and the court's seal. Even if the Wisconsin statutes do not use the term "order" to describe the form, Jung does not explain how the document fails to qualify as a "state court determination[]," upon which *Rooker–Feldman* can operate. *Kelley,* 548 F.3d at 603. Further, Jung did, in fact, ask a state court to permit her to challenge defendants' collection efforts. Dkt. 31, at 10. In her state court case, Jung moved to amend her complaint to address what she saw as unlawful out-of-state garnishment. A state court commissioner issued a captioned order denying her motion and explaining that Jung's argument was insufficient to justify amending her pleadings.

*Id.*

---

[1].  Contrary to outright admitting that she owed the debt as Kelli Jung did, Monica Gonzales has steadfastly denied she was the right person from the moment she learned of the garnishment (the day her paycheck was docked).  She took immediate action by contacting Kohn Law Firm and did everything Kohn told her to do.  Notably, Kohn Law Firm never told Ms. Gonzales to go to court to stop the garnishment; it told her to send her tax returns to Kohn and to give Kohn a lot of personal and financial information about herself in order to stop the garnishment.

15

Monica Gonzales' situation is markedly different from *Jung*. Ms. Gonzales **can** explain how the garnishment notice in her case fails to qualify as a "state court determination...upon which Rooker-Feldman can operate." Unlike Kelli Jung, Monica Gonzales was not the "debtor." She was not sued in the underlying state court action, nor was she ever served. The circuit court never acquired jurisdiction over her. There was never a legal basis to garnish Monica Gonzales' wages, because she was neither the debtor, or the debtor's spouse, which are the only two bases for which she could have been garnished. Neither *Jung* nor any of the cases cited by Kohn involved someone misidentified as a spouse of a debtor when they were not. These important distinctions, among the others discussed here, explain why Kohn's mere filing of a garnishment notice misidentifying Monica Gonzales's wages as marital property is not a determination or order of the state court for *Rooker-Feldman* purposes in this case.

Unlike in *Jung*, the state court did not deny Ms. Gonzales the right to pursue a complaint in the underlying lawsuit against Kohn Law Firm. There was never a judicial hearing or determination that Ms. Gonzales was the right party or wrong party to be garnished, and there was no judgment entered against her to appeal. Unlike in *Jung*, there was not a "captioned order" denying Monica Gonzales anything. She was not a "loser" in state court in any respect.

One reason perhaps to perceive in other cases a garnishment proceeding as an extension of the underlying action which can be accomplished with a mere "notice" is

16

that the debtor under the garnishment statute has already been served with process. There is already a judgment against that person. And if a debtor's spouse's wages are being garnished, that procedure is expressly permitted under the Wisconsin Marital Property Act. But these same safeguards do not exist when a stranger to the debt is garnished and is named for the first time in the garnishment notice and is garnished without service of process or notice.

Monica Gonzales is not seeking in this lawsuit to get her wages returned to her, because that already happened. Her "actual injury" is **not** "the state court's approval of defendant's request for garnishment;" there *was no* such approval. The state court did not make a finding that Monica Gonzales owed the judgment at issue or that she was Manuel's spouse. Kohn's argument that its false filing constituted a court approval or determination that of all of the contents of the garnishment notice was true is specious. As Judge Posner stated in the *Nesses* case, to apply *Rooker-Feldman* in such a situation would preclude a remedy for federal violations whenever the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment..." *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995).

**B.  Kelley v. Med-1 Solutions, LLC is Distinguishable.**

Kohn cites *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008) to support its motion to dismiss. This case, like *Jung*, is highly distinguishable. Kelley involved four individuals who each received treatment from a hospital, each signed an

17

acknowledgment that it would pay the medical debt, and each failed to pay.  Med-1, a

debt collector, filed the collection lawsuits in its own name, rather than in the name of the

hospital, and it sought attorney's fees.  The  debtors did not challenge Med-1's right to

bring the lawsuits or to get attorney's fees in the underlying cases, nor did they appeal or

move for reconsideration after later learning of potential defenses and debt collection

claims once the court entered the judgments.

Thereafter, the debtors instead filed a class action lawsuit seeking to recover the

attorney's fees and claiming FDCPA violations.  The district court dismissed under

*Rooker-Feldman*, and the debtors/federal plaintiffs appealed.  In affirming the dismissal,

the Seventh Circuit Court of Appeals held that *Rooker-Feldman* applied, stating that "[a]

state litigant seeking review of a state court judgment must follow the appellate process

through the state court system and then directly to the United States Supreme Court."  *Id.*

at 603.

> Under Indiana law, a prevailing party only can obtain attorney fees if such fees are
> awarded by a court, even when there is a written agreement between the parties
> providing for such fees. *See Morgan County v. Ferguson,* 712 N.E.2d 1038, 1043
> (Ind. Ct. App. 1999). In other words, the defendants needed to convince the state
> courts that they were entitled to attorney fees in order to succeed in extracting
> money from plaintiffs.
>
> Because defendants needed to prevail in state court in order to capitalize on the
> alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to
> evaluate the state court judgments. We could not determine that defendants'
> representations and requests related to attorney fees violated the law without
> determining that the state court erred by issuing judgments granting the attorney
> fees.

*Id.* at 605.

Again, this case is distinguishable. All of the state court defendants in Kelley were admitted debtors. None claimed to be the wrong person sued or that they were not served with process. They did not challenge the judgment against them, either at the small claims court hearing or to a circuit court or state appellate court. They merely sought to unwind the collection action and get their attorney's fees back, as well as other damages for Med-1 suing them and getting fees.

By contrast, Monica Gonzales is not and never was "a state court litigant seeking review of a state court judgment." There was not any state court judgment against her or any adverse decision made by a court. She was never sued or served with process. She was not the debtor.

This Court need not find that the Milwaukee County Circuit Court erred or need be reversed. Again, the underlying judgment against the actual debtor, Manuel Gonzales, remains intact, and Capital One can still enforce that judgment against Mr. Gonzales. The analysis of whether this Court can adjudicate claims against Kohn Law Firm without revisiting the propriety of a state court decision is clear: this Court need not do anything to change what happened in state court.

### C.     Harold v. Steel Is Similarly Distinguishable.

*Harold v. Steel,* 773 F.3d 884 (7th Cir. 2014), involved a garnishment of a consumer who actually had agreed to the entry of judgment some years earlier. The state

19

court plaintiff sought an order garnishing the judgment debtor's wages and Harold challenged plaintiff's right to do so. Following a hearing, the state court held in favor of the plaintiff and determined that the garnishment was enforceable against Harold. Instead of filing a counterclaim or appealing the adverse decision in state court, Harold filed an FDCPA claim in federal court. The district court dismissed under *Rooker-Feldman* and the Seventh Circuit affirmed.

As in the other cases cited by Kohn, the garnished party was a state court litigant and unsuccessfully challenged the garnishment in state court. In all other cases, there was an actual determination by a state court that the state court defendant rejected and sought damages that would undermine or reverse the state court order or judgment.

III.    **Monica Gonzales' Claims Against Kohn Are Not Dependent on Reversing the State Court Judgment.**

At the hearing, the Court asked counsel to list claims that would survive a *Rooker-Feldman* application and were not dependent on disturbing the underlying state court action. For all of the reasons stated above, plaintiff's position is that *none* of her claims require the court to reexamine any order in the state court and that none should be dismissed. Kohn's violations of law and the claims against it include:

1.    Garnishing a non-party, non-debtor who was neither the judgment debtor nor the spouse of the judgment debtor and who was a stranger to the debt. That is illegal debt collection and a violation of § 425.104(1)(j). *See, e.g., Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W.2d 786 ¶ 11 (1999).

20

No court has held that Monica Gonzales is married to Manuel Gonzales or that there is a judgment against her. Kohn's argument that the mere filing of a garnishment notice constitutes an "order" "finding" that Monica Gonzales is the spouse of Manuel Gonzales is absurd. Even Kohn has acknowledged that Monica is Manuel's sister, not his wife and that the garnishment notice was false. Indeed, Kohn itself petitioned in the state court action correcting the record to remove Monica's name from the state court case.

2.    Failing to serve the garnishment notice on Monica Gonzales as was required under the garnishment statute. Proceeding with the garnishment without serving her was illegal debt collection, because it was taking action that cannot legally be taken, contrary to § 425.104(1)(j). It is also an unfair debt collection practice under 15 U.S.C. § 1692f.

Because Kohn failed to serve the garnishment notice and had not otherwise served process on Ms. Gonzales, the state court did not have jurisdiction over her. It cannot be said that she was obliged to avail herself of remedies in a lawsuit in which she was not served or a party, and she cannot be forced to file her claims in the state court action.

3.    Telling Monica Gonzales in March 2012 that it was her burden to provide Kohn proof she was not married to Manuel. That was a misrepresentation under 15 U.S.C. § 1692e.

Upon receiving a consumer's dispute, **Kohn** had the burden to verify the debt. 15 U.S.C. § 1692g, including stopping all collection until it did so. That would include dismissing

21

the garnishment action and refraining from engaging in further debt collection. Kohn claims that Ms. Gonzales' lawsuit is precluded under *Rooker-Feldman* for failing to go into state court and, at her own expense, seek a hearing and a judicial determination stating that she was not Manuel Gonzales' spouse and dismissing the garnishment proceeding. This is particularly ironic considering that the FDCPA mandates that a debt collector stop all collection activity and verify the debt when the consumer disputes; the burden is never on the consumer to prove the negative.

4.  Sending the March 8, 2012 letter seeking extension of garnishment with a threat of additional costs knowing full well Monica Gonzales disputed the debt, because she was neither the judgment debtor nor Manuel's spouse. This was a violation of 15 U.S.C. § 1692f, which prohibits unfair debt collection practices.

5.  Failing to provide a proper written validation notice under 15 U.S.C. § 1692g within five days of the initial communication.

6.  Misrepresenting to Ms. Gonzales in separate debt collection calls that she was required to send Kohn first her federal and then her state tax returns in order to stop the garnishment. This was a misrepresentation under 15 U.S.C. § 1692e.

7.  Using the illegal garnishment as leverage to get information from Ms. Gonzales about her financial and personal information, so that it could collect two other unrelated accounts placed by other entities with the Kohn Law Firm. This conduct is harassment, oppression or abuse under § 427.104(1)(h) & 15 U.S.C. § 1692d,

plus an unfair debt collection practice under 15 U.S.C. § 1692f.

8.      Intimidating Ms. Gonzales into not exercising her rights by telling her that the other

        accounts would "go the same way" [i.e., garnishment] if she didn't do as Kohn

        wanted.  This conduct violated 15 U.S.C. 1692d (harassment, oppression or abuse)

        and 15 U.S.C. § 1692e (misrepresentation, as well as 15 U.S.C. § 1692f (engaging

        in unfair debt collection  practices, as well as § 427.104(1)(j), which prohibits

        claiming, attempting or threatening to enforce a right with knowledge or reason to

        know that the act could not legally be taken.

Here, there were no judgments in those other cases against her – either at the time or ever.

Garnishment in those cases was not a legal option.

9.      Failing to timely refund the first garnishment taken from her (and failing to dismiss

        the Capital One garnishment), even after being advised by plaintiff and her brother

        that Ms. Gonzales was Manuel's sibling, not his spouse.  These calls took place on

        March 2, 2012 and March  5, 2012 and other communications of the same nature

        followed later in March, 2012.  This was a violation of § 427.104(1)(j), prohibiting

        a debt collector from claiming, attempting or threatening to enforce a right with

        knowledge or reason to know that the right does not exist.

10.     Taking a second garnishment on March 16, even after receiving from Ms. Gonzales

        the documentation that Kohn said would stop the garnishment.  This violated 15

        U.S.C. § 1692e (misrepresentation); § 427.104(1)(j), Wis. Stats. (taking action that

23

cannot legally be taken), 15 U.S.C. § 1692f (engaging in unfair debt collection

practices), and § 427.104(1)(h) and 15 U.S.C. § 1692d (engaging in harassment,

oppression, abuse in collecting a debt.)

11.  Giving legal advice that the way to stop garnishment was for Ms. Gonzales to send

things to Kohn, rather than telling her she had to file and serve a garnishment

answer or go to court, which is what Kohn is now claiming she legally had to do.

Notably, it was a paralegal giving this unrepresented consumer such legal advice (rather

than an attorney), which constitutes the unauthorized practice of law.  Giving this legal

advice violated 15 U.S.C. § 1692e (prohibiting misrepresentations), § 427.104(1)(j), Wis.

Stats. (paralegal giving legal advice/false legal advice), 15 U.S.C. § 1692f (prohibiting

unfair debt collection practices).

12.  Telling Ms. Gonzales that the sole decision-maker about how and when the

garnishment could be stopped and what she had to do to stop it was an attorney at

Kohn Law Firm (and not a court).  This violated 15 U.S.C. § 1692e

(misrepresentation), §  427.104(1)(h) & 1692d (harassment, oppression and abuse),

and 15 U.S.C. § 1692f (engaging in unfair debt collection practices).

13.  Telling Ms. Gonzales that it was unknown how long it would take to stop the

garnishment or what the lawyer might want her to do in order do to stop it and that

it could take a long time. This violated 15 U.S.C. § 1692e (misrepresentation),

§  427.104(1)(h) & 1692d (harassment, oppression and abuse), and 15 U.S.C. §

24

1692f (engaging in unfair debt collection practices).

14. Delaying the return of plaintiff's money by sending Ms. Gonzales' illegally garnished wages back to her employer (on the second garnishment) rather than directly to her after, especially knowing that Ms. Gonzales had earned these wages and that she needed the money to pay her bills. This violated 15 U.S.C. § 427.104(1)(h) & 1692d (harassment, oppression and abuse), and 15 U.S.C. § 1692f (engaging in unfair debt collection practices).

15. Ms. Gonzales also has a conversion claim with modest damages for Kohn requiring her to get her taxes prepared immediately, even though Kohn did not immediately refund her garnished wages even upon being provided with copies of the tax returns.

### Conclusion

This debt collection lawsuit is not barred under *Rooker-Feldman*. None of the cases cited involved a non-debtor who was not party to the underlying lawsuit or an alleged spouse who actually was a stranger to the debt. No case under these or similar facts has barred a consumer under *Rooker-Feldman* from pursuing illegal debt collection claims.

Ms. Gonzales disputes that she ever was served with the garnishment notice, and Kohn acknowledged that it does not have evidence that she ever was served. The state court never acquired jurisdiction over Monica Gonzales, so she was not obliged to take her

25

debt collection claims there.

The Court should deny defendant's motion and reschedule the trial.

Dated this 9th day of March, 2015.

/s/__DeVonna Joy_____
DeVonna Joy  SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Tele:  262- 662-3982
Fax: 262-662-0504
E-mail: djlaw@wi.rr.com


Fons Law Office                                    Mary Catherine Fons
500 S. Page Street
Stoughton, WI 53589
Phone: 608-873-1270
E-Mail: mfons@chorus.net

26