UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONICA GONZALES, Plaintiff

Case No. 13-CV-168

v.

KOHN LAW FIRM S.C., Defendant.

**DEFENDANT KOHN LAW FIRM'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff has now filed two response briefs and has yet to cite a single case in which a court declined to apply *Rooker-Feldman* to claims based on the alleged invalidity of state garnishment proceedings or that challenge a debt collector's right to pursue a garnishment pursuant to a garnishment order. She attempts to overcome the lack of authority for her arguments and to avoid the result compelled by the precedents cited in the principal brief of Kohn Law Firm, S.C. ("Kohn") by citing "distinguishing" factors that are either irrelevant to the *Rooker-Feldman* analysis or imaginary.[1] Plaintiff's arguments are largely repetitive and interrelated. The "distinctions" can be summarized as follows:

- Neither she nor Kohn were "parties" in the state court proceedings that led to the garnishment, in her case because she was not served and because Kohn could not legally garnish a non-spouse.

- The garnishment notice was not an order, for the reasons just stated in point one and because there was no subsequent "captioned order" approving the garnishment.

---

1 *Rooker-Feldman* considerations aside, Plaintiff's claim that Kohn violated 15 U.S.C. § 1692g cannot survive dismissal because it fails on the merits, for reasons Kohn explained in Part I.B. of its principal brief, (*see* Dkt. 78). Plaintiff concedes these arguments, as neither her original nor supplemental response addresses them. Moreover, to the extent she argues § 1692g precluded Kohn from continuing the proceedings after she called to dispute her *marital status*, the claims would fail for the further reason that there was no answer disputing marital status filed in the garnishment proceeding, and therefore, for purposes of the present case, she was the spouse of Manuel Gonzales.

1

- Later proceedings dismissed her as a party and removed her from the caption.

None of these "distinctions" defeat application of *Rooker-Feldman*. As to the first, the party invoking *Rooker-Feldman* does not have to be a party and, in any case, Plaintiff *was* a party. She was served with garnishment paperwork, and her protestations that she *shouldn't* have been made a party go to the merits of her claims, not whether the Court has jurisdiction to hear them. Moreover, *Rooker-Feldman* does apply to parties in privity with state-court losers and whose interests are affected. For the same reasons, and because a "captioned order" is not necessary, the second distinction also fails. As to the third, later proceedings quashing a state-court order do not create jurisdiction where none would otherwise exist, nor does a post-judgment order create "parallel proceedings" that would escape the application of *Rooker-Feldman*.

## I. The identity of the parties in the state-court proceedings does not preclude application of *Rooker-Feldman*.

### A. Whether Kohn was a party in the state-court proceedings is irrelevant.

Plaintiff invents a requirement that Kohn had to be a party in state court for *Rooker-Feldman* to apply. She cites no authority, however, and the doctrine is only concerned with the party *invoking* jurisdiction, in that it bars "state-court losers *complaining of injuries caused by state-court judgments* rendered before the federal district court proceedings commenced and *inviting district court review and rejection* of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) (applied doctrine where federal-court defendants were not parties to the state-court garnishment proceedings between their client and the federal-court plaintiff/state-court garnishee). Kohn is merely defending against claims by Plaintiff and asking this Court *not* to review the state-court garnishment order. It does not claim to be

2

"injured" by a state-court order. Only Plaintiff claims such an injury in this case.

To the extent that Plaintiff's position is based on an undeveloped argument that Kohn's absence as a state-court party somehow brings her conversion and statutory claims against Kohn within the "no reasonable opportunity to bring claims before the state court" exception to *Rooker-Feldman*, the argument fails because she cannot show that state-court rules or procedures, or other factors independent of Kohn's actions, precluded her from presenting her claims. *See Holt v. Lake County Board of Comm'rs*, 408 F.3d 335, 336 n.1 (7th Cir. 2005).

> Mr. Holt also makes the undeveloped argument that he "had no opportunity to present his . . . claims to the state court." It is true that the *Rooker-Feldman* doctrine would not preclude a federal court from hearing Mr. Holt's claim if he did not have a reasonable opportunity to bring his claim in state court . . . . But Mr. Holt has not demonstrated, or even argued, that *state court rules or procedures*, or difficulties caused by factors "*independent of the actions of the opposing parties*" prevented the issues from being raised in the state court proceedings that preceded this action.

*Id.* (citations omitted; emphases added). The "reasonable opportunity" need not be in the particular state court proceeding that resulted in the adverse determination Plaintiff seeks to have reviewed. *See Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 606 (7th Cir. 2008). Wisconsin courts can and do hear claims that improperly commenced collection proceedings violate consumer protection statutes. For example, in *Kett v. Comty. Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W.2d 786 (1999) (case cited by Plaintiff), the state court heard plaintiffs' claims that improperly venued replevin actions against them violated the Wisconsin Consumer Act ("WCA")).

**B.  Plaintiff *was* a party to the garnishment proceedings.**

**1.  She was served with the garnishment notice.**

There is ample evidence that Plaintiff was served with notice of the garnishment

3

proceedings and thereby made a party, namely, a garnishee-defendant. As Kohn has already pointed out in other submissions, the following facts are *uncontested* notwithstanding its Rule 30(b)(6) designee's lack of personal knowledge of the mailing:

- Kohn's *procedure* would have been to send the required notices to both the debtor (here, Manuel Gonzales) and the garnishee (Plaintiff) via first-class mail, which Plaintiff concedes is a proper form of service, and to note such mailing in the file. (Dkt. 81, Exhibit B (Richburg Deposition), pp. 15-17).

- There *is* such a note in the file about notices being sent to Plaintiff and Manuel on February 24, 2012. (Dkt. 65, Exhibit E (Rembert Deposition), pp. 117-18).

- Plaintiff did not contradict Pierre Rembert during their March 2, 2012 telephone conversation (which was recorded) when Rembert stated Kohn had served her and Manuel with the notices. (*See id.*, p. 116). She did not express surprise, nor did she deny receiving any paperwork or claim not to have seen it. (*See id.*).

- Plaintiff never affirmatively denied at her deposition that she had received correspondence from Kohn. She only testified that she did not remember whether she had received any mail from Kohn in February 2012, that generally, Manuel brought the mail in, and that she "may not have seen [her] mail." (Dkt. 65, Exhibit A (Plaintiff's Deposition), pp. 43-44, 48).[2]

- Manuel, who lived with Plaintiff, received his paperwork, which he gave Plaintiff to show her attorney, and he already knew about the garnishment on or before March 2, 2012 when he spoke to Plaintiff about it. (Dkt. 65, Rembert Deposition, p. 79; Dkt. 65, Plaintiff's Deposition, pp. 40-41, 45-46, & Exhibit J (garnishment documents produced by Plaintiff); Dkt. 80 (Plaintiff's Affidavit), ¶¶ 4-5).

Plaintiff's failure to contradict Rembert's statement that she had been served is particularly probative evidence of service, especially in light of the other circumstantial corroboration of service. *See Ishler v. Cook*, 299 F.2d 507, 510 (1962) ("failure to deny a statement has probative value as an admission"). In the face of this evidence, Plaintiff's (self-serving) lack of recollection or claim that she never saw a notice cannot overcome the presumption that mail sent

---

2 Plaintiff's denial that she received the notice in her subsequent affidavit, (Dkt. 80), clearly contradicts her sworn testimony and falls within the "sham affidavit" rule. *See U.S. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 466 (7th Cir. 2005).

is mail received.  *See Am. Family Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶ 36, 319 Wis. 2d 397, ¶ 36, 768 N.W.2d 729, ¶ 36; *cf.* Wis. Stat. § 801.11 (allows for service by leaving summons with a competent family member over fourteen years old who lives at address, like Manuel).

Even if she was not served, in *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003), the Seventh Circuit applied *Rooker-Feldman* where the plaintiff claimed that the state court never had jurisdiction over him because he had not been properly served.  *See id.*  "If a state court had violated constitutional jurisdictional limits, Mr. Schmitt could have brought that up with the Supreme Court after exhausting his state court remedies."  *Id.*; *see also Harold*, 773 F.3d 884, 886-87 ("Unless *Rooker* were to be overruled, there could not be a "procedural exception" to the *Rooker-Feldman* doctrine"); *Nationscredit Home Equity Servs. v. City of Chicago*, 135 F. Supp. 2d 905, 914-16 (N.D. Ill. 2001) (observing "there is no procedural due process exception" to *Rooker-Feldman*).

### 2. The garnishment order and subsequent post-judgment orders are premised upon the fact that Plaintiff was a party during the relevant time.

Plaintiff's position that she was never a party is not only inconsistent with the undisputed facts and the garnishment order but also with the state court's post-garnishment orders.  The September 23, 2014 order requires that she be "*removed as a party* from the case, and that the caption and CCAP be amended to reflect the same," (Dkt. 64 (Richburg Affidavit), Exhibit C (order) (emphasis added)), rather than that the caption be amended because she was *not* a party.  The state court's January 8, 2015 order reaffirms the January 23 order.  (Dkt. 92 (Joy Affidavit), ¶ 2 & Exhibit A (order)).  The former states Kohn's "petition is GRANTED" and orders Plaintiff's name removed from CCAP records.  (*Id.*).  Kohn's attached petition cites only the September 23 order as a reason for removal, and the order cites no additional or

5

alternative reasons.[3]  (*Id.*).

### 3. Kohn's assertion that Plaintiff was Manuel's spouse did not make her a non-party.

Plaintiff appears to claim that because she was not in fact Manuel's spouse, she was not a "proper" garnishee and therefore was a non-party who had no obligation to challenge the garnishment in state court. (*See* Dkt. 91, pp. 6-7, 10-11). She again cites no law from any jurisdiction, however, for the proposition that a person mistakenly named as a party is actually a non-party and therefore not a state-court loser for *Rooker-Feldman* purposes.

The cases she cites, *Kett* and *Gerovac v. Hribar Trucking, Inc.*, 43 Wis. 2d 328, 168 N.W.2d 863 (1969), are neither on point nor helpful to her position. First, *Rooker-Feldman* is not at issue in these cases. They are state-court actions where federal subject-matter jurisdiction and abstention doctrines do not apply. The courts never mentioned the doctrine.

Second, neither decision states or even implies that a debt collector's allegedly improper use of garnishment procedures invalidates personal jurisdiction over the putative garnishee. *Gerovac* was a garnishment action that the court dismissed *on the merits* (not for want of jurisdiction) on the basis that garnishment was improper in a tort case and that, while styled as an "implied contract" case, the creditor's claim was basically for conversion. *See Gerovac*, 43 Wis. 2d at 330-34. *Kett* affirmatively *rejected* the notion that the creditor's filing of replevin actions in the wrong venue raised issues of personal jurisdiction. *See Kett*, 228 Wis. 2d at 13

---

3 Plaintiff's amended complaint belies her assertion that the present case is not an attempt to appeal the state-court garnishment order. She complains that Kohn had not filed "a motion to correct the record containing misrepresentations about Monica Gonzales that occurred due to Kohn's filing of the illegal garnishment" or to "redact or dismiss the illegally filed garnishment from the court records," including naming her as a party, and seeks injunctive relief requiring Kohn to move to "correct the false record." (Amended Complaint, ¶¶ 83-84, 89).

6

n.12. The applicable venue statute provided that if the venue was improper, the action was to be dismissed for lack of jurisdiction. *Id.* at 13. The statute, however, "makes clear that jurisdiction does not refer to personal jurisdiction. Milwaukee County Circuit Court had personal jurisdiction of the customers in the default replevin action." *Id.* Only *subject-matter* jurisdiction or competency to proceed were at issue. *Id.* at 13 n.12.

Third, unlike the venue statute at issue in *Kett,* Plaintiff cites nothing in the Wisconsin garnishment statutes indicating that the state court lacks either subject-matter jurisdiction or competency to proceed when a garnishee is "misidentified" as the spouse of a debtor. Hence, to the extent that Plaintiff is claiming that the "voidness" of the proceedings somehow makes her a non-party to any state-court proceedings, she fails to identify legal support for her argument. In any event, the Seventh Circuit does not recognize a *void ab initio* exception to *Rooker-Feldman*. *See Schmitt* 324 F.3d at 487 (7th Cir. 2003) (Seventh Circuit has never endorsed *void ab initio* exception, which other circuits have "rarely invoked" and only in bankruptcy cases; refusing to apply it where plaintiff claimed he was not properly served).

Plaintiff's reliance on *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995), does not change the analysis. While not clear, her argument appears to be that Kohn violated some "independent right" and "corrupted" the judicial process by misrepresenting Plaintiff's marital status to the Court and by not releasing the garnishment upon learning of its mistake. This argument deals not with her status as a party or whether the judgment was "void" but rather appears to be directed at a separate issue, whether the garnishment order was the source of her injuries. Consistent with *Harold* and *Kelley*, which Kohn cites in its principal brief for the proposition that misrepresentations resulting in a state-court decision adverse to the federal

7

plaintiff, are *not* independent injuries distinct from the adverse judgment,[4] Seventh Circuit cases applying *Nesses* have been limited to situations in which the state court itself created insurmountable obstacles to adjudication, such as participating in a conspiracy with the federal plaintiff's adversaries. *See Dawaji v. Kohlhoss*, No. 13 C 6404, 2014 WL 4913741, at *5 (N.D. Ill. Sept. 30, 2014). "*Nesses* does not apply here because Dawaji does not allege that the state divorce judge was corrupt or a member of Defendants' conspiracy. At most, Dawaji alleges that the state judge was duped by Defendants." *Id.* Here too, Plaintiff merely alleges that Kohn duped the state court. She does not claim the court was corrupt or part of a conspiracy against Plaintiff. Moreover, legal counsel's activities as an advocate in state court proceedings, including preparation of court documents, are subject to *Rooker-Feldman* and are not injuries "separate and distinct" from the order ultimately granted as a result of those activities. In *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 361-62 (7th Cir .2010), for example, a guardian ad litem's "biased advocacy," including preparation of court documents and attempts to limit the role of a court-appointed psychiatrist, fell within *Rooker-Feldman* and were not "separate and independent from the state court's custody order." *Id.*

Plaintiff also does not explain how Kohn's reliance on state-court garnishment procedures, pursuant to a garnishment order that is *not* void, constitutes an injury independent and distinct from that order. If enforcing one's rights pursuant to a state-court decision were an independent injury, it is impossible to imagine how a state-court judgment could ever be deemed the source of an injury—yet, whether the decision caused the injury is the very focus of

---

4 While Plaintiff appears to reject the result in the cases Kohn cites, she neither directly argues with any of the black-letter law set forth in Kohn's principal brief nor attempts to apply it or harmonize it with *Nesses*. Her response brief is largely devoid of any citation to Seventh Circuit precedent at either the trial or appellate level.

8

*Rooker-Feldman*'s inquiry whether plaintiff's claims are independent of or "inextricably intertwined" with the decision.[5] *See Kelley*, 548 F.3d at 603, 605; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999) (plaintiff's complaints that she was deprived of property without due process were inextricably intertwined with eviction order).

      **C.**    **Even assuming Plaintiff for some reason was a "non-party," she is still a state-court loser for *Rooker-Feldman* purposes.**

Even if Plaintiff were a non-party, she is a non-party whom *Rooker-Feldman* deems a state-court loser. Plaintiff is mistaken that a non-party can never be a state-court loser. A party in privity with a state-court loser is herself a loser for *Rooker-Feldman* purposes. *See In re Bunting*, Case No. 07-20864, 2011 Bankr. LEXIS 5548, at *7-*8, *10-*15 (Bankr. E.D. Mich. Sept. 29, 2011) (collecting cases), *aff'd*, 2013 U.S. Dist. LEXIS 5529 (E.D. Mich. Jan. 15, 2013). Parties are in privity when their interests are so identified as to represent the same legal right, as where one family member attempts to collaterally attack an order adverse to another. *Id.*, 2011 Bankr. LEXIS 5548, at *12-*21 (cited cases that applied doctrine against brother objecting to proof of claim filed in sister's bankruptcy and against daughter who claimed right to asset conveyed by mother, who was party to state-court divorce action). Plaintiff and Manuel have the same interest regarding their marital status to each other (especially given that *both* had debts in pending collection proceedings). Manuel, the debtor, was unquestionably a party in the state-court proceedings. There is no dispute that he was served with the garnishment notice identifying Plaintiff as his spouse and that failed to object to the garnishment. By his failure, he

---

5 Plaintiff claims at one point that *Rooker-Feldman* applies only if the state-court judgment "produces the defendant's actions," citing law outside the Seventh Circuit. Kohn does not concede that this is a complete and correct statement of the law. However, it would appear to rebut her position that she can avoid *Rooker-Feldman* dismissal of claims based on Kohn taking action to enforce the garnishment order.

admitted she was his spouse. Accordingly, for purposes of the garnishment proceedings, Plaintiff *was* his spouse.

Similarly, in the Seventh Circuit, "*Rooker-Feldman* consistently has applied when (1) a federal plaintiff was not a party in the state proceeding, and (2) its rights were affected by—and, therefore, inextricably intertwined with—the state proceeding." *See Nationscredit H*135 F. Supp. 2d at 914-16 (N.D. Ill. 2001).[6] In *Nationscredit*, a property owner's lender who was not a party in state-court proceedings condemning its collateral and who had no notice of the proceedings could not assert injuries resulting from the demolition order. *Id.* Here, the Court's determination of Plaintiff's legal status as Manuel's spouse affected her legal rights, namely, whether she could be deemed a holder of Manuel's property for purposes of garnishment proceedings. In *Nationscredit*, moreover, the non-party's lack of notice of the demolition was not an injury independent from the demolition order. *Id.* at 910-11. Additionally, since plaintiff had "a variety of options available" to it for bringing claims in state court, such as commencement of an inverse condemnation procedure, the "reasonable opportunity" to litigate exception to *Rooker-Feldman* did not apply. *Id.* at 913. *Cf. Schmitt*, 324 F.3d at 487 (*Rooker-Feldman* applied even though party to state-court action not served).

## II. The garnishment notice was an order.

---

6 The court cited *T.W. & M.W. by Enk v. Brophy*, 124 F.3d 893 (7th Cir. 1997), and *Hoover v. Wagner*, 47 F.3d 845 (7th Cir. 1995). *See Nationscredit*, 135 F.Supp. 2d at 914-16. In *Brophy*, *Rooker-Feldman* precluded children who were not parties to custody proceedings from suing defendants for injuries arising from order to remove them from a white foster family to place them with their black aunt who abused them, where officials allegedly "conspired" to have them removed for racist reasons. *Nationscredit*, 135 F. Supp. at 915. *Hoover* precluded journalists who were arrested for being in the vicinity of abortion clinics being picketed by protesters from attacking state-court injunction against the protestors and "persons acting in concert with them," even though the journalists were not parties in state court. *See Nationscredit*, 135 F. Supp. 2d at 915-16.

10

Case 2:13-cv-00168-NJ   Filed 03/30/15   Page 10 of 16   Document 93

In addition to her objections that the identity of the parties in state court precludes application of *Rooker-Feldman*, Plaintiff attempts to distinguish this case by claiming there was no state-court decision regarding the garnishment or her status as Manuel's spouse. Most of Plaintiff's rationale appears to be indistinguishable from arguments already addressed above, and Kohn incorporates the foregoing regarding these points.[7] She also, however, mischaracterizes the result in *Jung v. Cottonwood Financial Wisconsin, LLC*, as relying on the fact that the state court *later* issued a "captioned order" denying the garnishee's post-garnishment petition to file a complaint alleging her FDCPA claims. *See* Case No. 14-cv-241-jdp, 2014 U.S. Dist. LEXIS 135934 (W.D. Wis. Sept. 26, 2014), *reconsideration denied*, 2015 WL 106227 (W.D. Wis. Jan. 7, 2015). Plaintiff selectively quotes from the decision on Jung's motion for reconsideration, ignoring language in the initial decision that the federal court deemed issues regarding the propriety of the garnishment decided in state court "*either implicitly*, through Jung's repeated failure to raise it" (until her post-garnishment petition) *or* "explicitly, through denying her motion to file a supplemental complaint." *Jung*, 2014 U.S. Dist. LEXIS 135934, at *14 (emphases added). The court reiterated the well-known rule that claims raised in the district court need not have actually been raised below for *Rooker-Feldman* to apply and noted Jung's failure to answer the garnishment notice. *Id.* The fact that the state court later denied a post-garnishment petition therefore reinforced but was not necessary to the result.

The same district court's recent decision in *Kobilka v. Cottonwood Financial Wisconsin,*

---

[7] For example, Plaintiff claims she was not a party, was never served, and that the garnishment statutes do not allow garnishment of a non-spouse, non-debtor, and that Kohn somehow "corrupted" the legal process. Kohn reiterates that Plaintiff has failed to cite any authority for her implicit assumption that a decision that *should not* issue becomes a non-decision for *Rooker-Feldman* purposes. The gist of Plaintiff's argument appears to be a species of the *void ab initio* exception to the doctrine that the Seventh Circuit has expressly declined to adopt.

11

*LLC*, No. 14-cv-268-wmc, 2015 WL 1137471 (W.D. Wis. Mar. 12, 2015), removes any doubt as to the court's intention. There, the Plaintiff alleged that Kohn issued the garnishment notice without filing a required transcript of judgment, and *no* additional activity occurred in the state court. *Id.*, at *1. The notice the court issued was therefore the *only possible* state-court "determination" at issue regarding the propriety of the garnishment. *Id.* Nonetheless, without any later "captioned order," the district court, followed *Harold* and applied *Rooker-Feldman* to bar plaintiff's FDCPA claims. *Id.* As in *Jung,* the court did not pass on whether Kohn followed the correct procedures in state court, holding that the propriety of the garnishment proceedings was a state-court matter that did not become a matter for federal jurisdiction just because the plaintiff failed to pursue relief in state court:

> Plaintiff's avenue of relief, therefore, lies in state court, not in a federal court action challenging defendants' request for a garnishment notice and the state court's action of issuing the requisite forms . . . . The fact that plaintiff failed to avail herself of those rights in state court does not create jurisdiction in federal court for her to revisit them.

*Kobilka*, 2015 WL 1137471, at *4. Here too, Plaintiff cannot create federal jurisdiction by failing to challenge the garnishment in state court.

Plaintiff's imagined "later captioned order" requirement, moreover, is unworkable. A notice is either a state-court determination for *Rooker-Feldman* purposes, or it is not. Its status should not depend on how the parties react to it after the fact, which is a matter beyond the court's control. Plaintiff essentially proposes that the garnishee unilaterally decides whether the notice is an order by choosing whether or not to amble into court at a later date to challenge it. Not surprisingly, she cites no authority to support her position, and the Court should reject it.

12

### III. Nothing in the state-court's post-garnishment orders of September 2014 and January 2015 changes the analysis.

In addition to the "distinctions" addressed above, Plaintiff erroneously claims this case is "distinguishable" from the authorities Kohn cites because the state court's orders of September 2014 and January 2015 removed her as a party because of "identity theft or mistaken identity."

First, as noted above, these orders only purport to dismiss Plaintiff as a party and remove her from the case caption. Nothing in either purports to make the dismissal retroactive or to invalidate the garnishment, which Kohn had previously released voluntarily without court involvement, nor are there any findings regarding the reasons for dismissal, including Plaintiff's marital status. In the part of Kohn's petition to remove Plaintiff's name from CCAP that states the reasons for the request, Kohn crossed off the form language about identity theft or mistaken identity and simply cross-referenced the September 2014 order. In any event, *Kohn's* motivations for seeking the dismissal are irrelevant where there is no evidence the court adopted them. Courts routinely dismiss parties at the request of a moving party.[8]

Second, even if the state court had purported in these post-garnishment orders to reverse or outright vacate the earlier garnishment order, *Rooker-Feldman* would preclude this Court from reviewing the validity of the earlier order. Kohn has already explained that the Seventh Circuit does not recognize a *void ab initio* exception to the doctrine. The district court's decision in *Thomas v. 5445 Edgewater Plaza Condominium Association*, No. 97 C 3866, 1999 U.S. EXIS 1363 (N.D. Ill. 1999), *aff'd*, 210 F.3d 276 (7th Cir. 2000), further illustrates that when

---

[8] Even if this Court indulged Plaintiff's assumption that the dismissal was for "identity theft or mistaken identity," the orders are ambiguous whether one or both grounds apply, and if only one, which one. Plaintiff does not explain how "identity theft" would support her position.

13

a federal plaintiff's claims are "inextricably intertwined" with a state-court decision, *Rooker-Feldman* applies notwithstanding a later order vacating the decision. In *Thomas*, 1999 U.S. EXIS 1363, at *2-*3, a condominium association sued for possession of a condominium unit, and the state court entered a default judgment against the residents when they failed to appear for a hearing. After their eviction several weeks later, the state court granted their request to quash the eviction order based on improper service of the eviction notice. *Id.* at *5. Despite the fact that the order was quashed, the district court applied *Rooker-Feldman*:

> Reduced to its essence, the Thomases' complaint seeks relief against Edgewater Plaza based on an eviction effectuated through an invalid state court order. Although that order was subsequently quashed by the state court, the viability of the Thomas' § 1983 procedural due process claim hinges on the validity of a state court order. This creates a serious jurisdictional defect based on the *Rooker-Feldman* doctrine, which the parties do not address.

*Id.*

Finally, this Court should reject Plaintiff's suggestion that the post-garnishment orders created "parallel proceedings" that preclude application of *Rooker-Feldman*. All that is required for *Rooker-Feldman* to apply is that the state-court order at issue, like the garnishment order here, be "rendered before the federal district court proceedings commenced." *See Exxon Mobil*, 544 U.S. at 284. That requirement is satisfied here. There were not even any post-garnishment proceedings pending in state court when the case was filed. *See also Harold*, 773 F.3d at 885-86 (observing that a garnishment order enforcing a judgment is final and appealable; indicating in dicta that the doctrine should apply even for interlocutory orders).

*Dickie v. City of Tomah*, 999 F.2d 952 (7th Cir. 1993), which Plaintiff relies on in her brief, does not compel a contrary conclusion. In that case, the plaintiff commenced the state-court action while he had an appeal pending from a federal district court's dismissal of

14

those same claims. *Id.* at 253. In fact, it was the district court's suggestion that he pursue relief in state court. *Id.* The Seventh Circuit noted that had he commenced the state-court action first, *Rooker-Feldman* would have barred his federal suit. *Id.* at 254.

## IV. None of Plaintiff's claims survive *Rooker-Feldman*.

*Rooker-Feldman* requires dismissal of all of Plaintiff's claims, for reasons described above and in Kohn's principal brief. The conversion claim is the most blatantly obvious, since she baldly states the conversion *was* the garnishment. Additionally, she admitted at the January 14, 2015 hearing that all of her other claims were also "triggered by the garnishment." These claims fail for several reasons. First, post-garnishment claims fail because they are not, as *Rooker-Feldman* requires, "independent of and complete prior to the entry of the [state court's] order." *Long*, 182 F.3d at 556. Second, the claims fail to the extent that they constitute advocacy in the state-court proceedings, including preparation of garnishment paperwork and representations to the court. *See Harold*, 773 F.3d 884 (dismissing claims based on law firm's "misrepresentations" that its client was the creditor); *Kelley*, 548 F.3d 600 (same); *Golden*, 611 F.3d 356 ("biased advocacy" that included preparation of pleadings). Third, she cannot complain that Kohn enforced a garnishment order this Court must assume is lawful or relied on Plaintiff's judicial admissions regarding her marital status. *See Brophy*, 124 F.3d 893 (doctrine applied to claims of injury resulting from removal to aunt's custody, following custody order); *Long,* 182 F.3d 548 (plaintiff could not complain of injuries resulting from eviction after eviction order issued).

## CONCLUSION

Based on the foregoing, *Rooker-Feldman* requires the Court to dismiss this case.

15

Dated at Milwaukee, Wisconsin this 30th day of March, 2015.

                                                GUTGLASS, ERICKSON, BONVILLE
                                                    & LARSON, S.C.

| P.O. ADDRESS | /s/ Paul R. Erickson |
|---|---|
| 735 North Water Street, Suite 1400 | Paul R. Erickson (#1003920) |
| Milwaukee, Wisconsin 53202-4267 | Joan M. Huffman (#1059029) |
| Telephone: (414) 273-1144 | Counsel for Defendant |
| paul.erickson@gebsc.com | |
| joan.huffman@gebsc.com | |